IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-177-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| $31,448.00 IN U.S. CURRENCY, | ) | |
| $23,412.00 IN U.S. CURRENCY, and | ) | |
| $88,222.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendants. | ) | |

On November 18, 2016, pro se claimant Andrew Hargett, Jr. ("Hargett" or "claimant"), filed a motion to set-aside the clerk's default judgment, to appoint counsel, and to extend time due to excusable neglect [D.E. 20]. On December 8, 2016, the government responded [D.E. 21] and withdrew its request for entry of default and motion for default judgment, and stated that the government did not object to Hargett responding to the complaint out of time [D.E. 21]. On December 16, 2016, Hargett replied [D.E. 22].

Because the clerk has yet to rule on the government's motion for entry of default, and the government withdrew its motion for entry of default, the motion to set aside the clerk's default is dismissed as moot.

As for Hargett's motion to appoint counsel, there is no right to counsel in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 300 n.2 (1989); Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F. 2d at 163 (quotation omitted). Moreover, there is no

right to counsel in a civil forfeiture case. See Austin v. United States, 509 U.S. 602, 607–08 & n.4 (1993); United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995). The complaint is straightforward, and the action does not involve exceptional circumstances. Hargett's motion to appoint counsel is denied.

Good cause exists for Hargett's motion for an extension of time to respond to the complaint and the motion is granted in part. Hargett may file a response to the complaint. The response is due not later than January 23, 2017.

In sum, Hargett's motion to set aside the clerk's default is DISMISSED as moot, Hargett's motion to appoint counsel is DENIED, and Hargett's motion to file a response to the complaint out of time is GRANTED IN PART. Hargett may file a response to the complaint not later than January 23, 2017.

SO ORDERED. This 28 day of December 2016.

JAMES C. DEVER III
Chief United States District Judge