IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-177-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| $31,448.00 IN U.S. CURRENCY, | ) | |
| $23,412.00 IN U.S. CURRENCY, and | ) | |
| $88,222.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendants. | ) | |

On April 14, 2016, the United States ("United States" or "government") filed a complaint for forfeiture in rem of $143,082.00 against Andrew Hargett, Jr. ("Hargett" or "defendant") [D.E. 1]. On March 16, 2017, the court stayed the case until the conclusion of criminal proceedings against Hargett [D.E. 27]. On August 21, 2018, a jury convicted Hargett of possession with intent to distribute 500 grams or more of cocaine, a quantity of cocaine, and cocaine base; possession of a firearm in furtherance of a drug trafficking crime; and possession of a firearm by a convicted felon. See Jury Verdict, United States v. Hargett, No. 5:15-CR-374-D-1, [D.E. 145] (E.D.N.C. Aug. 21, 2018). On March 11, 2020, Hargett's conviction became final. See Mandate, United States v. Hargett, No. 5:15-CR-374-D-1, [D.E. 190] (4th Cir. Mar. 11, 2020).

On May 15, 2020, the United States moved for summary judgment [D.E. 29] and filed a memorandum of law [D.E. 30] and statement of material facts in support [D.E. 31]. See Fed. R. Civ. P. 56; E.D.N.C. Civ. R. 7.2, 56.1(a)(1). On June 8, 2020, the Clerk of Court for the Eastern District of North Carolina sent a letter to Hargett informing him of his right to respond to the motion for summary judgment, of the timeline for his response, and the Federal Rules of Civil Procedure and Local Civil Rules with which his response must comply [D.E. 35]. Hargett did not respond. As explained below, the court grants the United States's motion for summary judgment.

I.

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Scott v. Harris, 550 U.S. 372, 378 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, see Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. See Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. See Harris, 550 U.S. at 378.

A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. See Anderson, 477 U.S. at 249. "The mere existence of a scintilla of evidence in support of plaintiff's position [is] insufficient. . . ." Id. at 252; see Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) ("The nonmoving party, however, cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another."). Only factual disputes that affect the outcome under substantive law properly preclude summary judgment. See Anderson, 477 U.S. at 248.

Under Local Civil Rule 56.1, a party opposing a motion for summary judgment shall submit "a separate statement including a response to each numbered paragraph in the moving party's statement [of material facts]." E.D.N.C. Civ. R. 56.1(a)(2). "Each numbered paragraph in the

2

moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." Id. "Each statement by the movant or opponent . . . must be followed by citation to evidence that would be admissible, as required by Federal Rule of Civil Procedure 56(c)." E.D.N.C. Civ. R. 56.1(a)(4). Under Rule 56(c), a party disputing a material fact must support its position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Merely responding that a party "disputes" a material fact is insufficient under Rule 56 and Local Rule 56.1. See Howard v. Coll. of the Albermarle, 262 F. Supp. 3d 322, 329 n.1 (E.D.N.C. 2017), aff'd, 697 F. App'x 257 (per curiam) (unpublished).

Under 21 U.S.C. § 881(a)(6), money and other things of value "furnished or intended to be furnished by any person in exchange for a controlled substance" and "all proceeds traceable to a [controlled substance] exchange" are "subject to forfeiture to the United States." 21 U.S.C. § 881(a)(6); see United States v. $147,900.00 in U.S. Currency, 450 F. App'x 261, 263 (4th Cir. 2011) (per curiam) (unpublished). The government must demonstrate by a preponderance of the evidence that the defendant property is subject to forfeiture, either as proceeds of an illegal drug transaction or as property used to facilitate an illegal drug transaction. See $147,900.00 in U.S. Currency, 450 F. App'x at 263; 18 U.S.C. § 983(c); 21 U.S.C. § 881(a)(6). The government need not link the defendant property to a specific drug transaction, but may instead meet its burden with circumstantial evidence linking the property to drug trafficking generally. See United States v. $11,500.00 in U.S. Currency, 710 F.3d 1006, 1013 (9th Cir. 2013); $147,900.00 in U.S. Currency, 450 F. App'x at 264; United States v. Herder, 594 F.3d 352, 364 (4th Cir. 2010); United States v. $242,484.00, 389 F.3d

3

1149, 1161 (11th Cir. 2004) (en banc). In analyzing whether the government has met this burden, the court examines the totality of the circumstances. See United States v. Thomas, 913 F.2d 1111, 1115 (4th Cir. 1990).

Numerous civil-forfeiture cases under section 881(a)(6) involve a large sum of currency seized by law enforcement. In such cases, courts have looked at several common factors when determining forfeitability, including (1) the quantity of currency, (2) the manner in which it was packaged or concealed, (3) false and inconsistent statements regarding the currency when questioned by law enforcement, (4) a positive alert to the currency by a trained drug dog, and (5) the claimant's implausible and uncorroborated story regarding the source or intended use of the defendant currency. See, e.g., United States v. $252,300.00 in U.S. Currency, 484 F.3d 1271, 1274–75 (10th Cir. 2007); United States v. $124,700 in U.S. Currency, 458 F.3d 822, 826 (8th Cir. 2006); United States v. $63,289.00 in U.S. Currency, No. 3:13-CV-00281-FDW-DCK, 2014 WL 2968555, at *5–6 (W.D.N.C. July 1, 2014) (unpublished); United States v. $50,720.00 in U.S. Currency, 589 F. Supp. 2d 582, 583–84 (E.D.N.C. 2008); United States v. $433,980 in U.S. Currency, 473 F. Supp. 2d 685, 690–92 (E.D.N.C. 2007).

As for the government's motion for summary judgment, these factors along with the government's statement of material facts support forfeiture of Hargett's property. See, e.g., Thomas, 913 F.2d at 1115–17. The United States complied with Local Civil Rule 56.1(a)(2) by submitting a statement of material facts along with its motion for summary judgment. See Local Civ. R. 56.1(a)(1); [D.E. 31]. Despite the Clerk of Court's letter notifying Hargett of the deadline, Hargett did not file a response to the motion for summary judgment and did not file a statement of material facts. As such, under Local Civil Rule 56.1(a)(2), "[e]ach numbered paragraph in the [government's] statement of material facts will be deemed admitted for purposes of the motion." E.D.N.C. Civ. R. 56.1(a)(2); see Shinaberry v. Town of Murfreesboro, No. 2:17-CV-7-D, 2019 WL 5446712, at *1 n.1 (E.D.N.C. Oct. 23, 2019) (unpublished); Howard, 262 F. Supp. 3d at 329 n.1.

4

The government's statement of material facts establishes by a preponderance of the evidence that Hargett's property is subject to forfeiture as proceeds of drug trafficking or, alternatively, as property used to facilitate drug trafficking. See [D.E. 31].

II.

In sum, the court GRANTS the government's motion for summary judgment [D.E. 29].

SO ORDERED. This 30 day of November 2020.

                                              JAMES C. DEVER III
                                              United States District Judge

5

Case 5:16-cv-00177-D   Document 36   Filed 11/30/20   Page 5 of 5